IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISREAL LEONARD, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-1853-G (BT) |
| | § | |
| LORIE DAVIS, *Director,* TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Isreal Leonard, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the magistrate judge recommends the petition be transferred to the Fifth Circuit Court of Appeals as successive.

I.

Petitioner challenges his conviction for murder and life sentence. *State of Texas v. Isreal Leonard,* No. F-9900794-T (283rd Crim. Dist. Ct., Dallas County, Tex., July 1, 1999). On June 27, 2001, the Fifth District Court of Appeals affirmed. *Leonard v. State,* No. 05-99-01202-CR (Tex. App. – Dallas 2001, pet ref'd). On November 14, 2001, the Court of

1

Criminal Appeals denied Petitioner's petition for discretionary review. Petitioner also filed multiple unsuccessful state habeas petitions. (*See* ECF No. 3 at 4-5.)

On November 24, 2003, Petitioner filed his first § 2254 petition. *See Leonard v. Dretke*, No. 3:03-cv-2888-D (N.D. Tex.). On January 23, 2006, the district court denied the petition. On January 29, 2007, the Fifth Circuit denied a certificate of appealability.

On June 13, 2017, Petitioner filed the instant § 2254 petition. He argues: (1) the trial court lacked jurisdiction; (2) the indictment was void; and (3) he was subjected to prosecutorial vindictiveness.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite *prima facie* showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

### III.

For the reasons stated, the magistrate judge recommends that the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed September 13, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).